**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHYA BETH,<br><br>*Plaintiff*,<br><br>v.<br><br>JUDGE FRANK J. DEANGELIS; JUDGE JAMES M. DEMARZO; THE COUNTY OF SUSSEX; SUSSEX COUNTY AGRICULTURE DEVELOPMENT BOARD;<br>SUSSEX COUNTY AGRICULTURE DEVELOPMENT BOARD CHAIRMAN, PETER SOUTHWAY; SUSSEX COUNTY AGRICULTURE DEVELOPMENT BOARD<br>VICE CHAIRMAN, BRIAN HAUTAU; JOSEPH D. GREER, ESQ.; SENIOR PLANNING AIDE OF THE SUSSEX COUNTY DIVISION OF PLANNING AND FARMLAND PRESERVATION PROGRAM;<br>RUDY DRAGAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-12408<br><br>**MEMORANDUM ORDER**<br><br>August 25, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon the Complaint filed by *pro se* Plaintiff Shya Beth ("Plaintiff.") (ECF 1, "Complaint" or "Compl.") Plaintiff has not paid the required fee to have her Complaint filed with the Court, nor has Plaintiff completed an application to proceed *in forma pauperis* ("IFP") as required by 28 U.S.C. § 1915. Accordingly, litigation in this matter

has not formerly begun.[1] Given the considerable length of time Plaintiff has had to properly submit her claim to this Court, and this Courts inherent authority to manage its own docket,[2] the Court hereby **CLOSES** this matter, subject to reopening upon the proper submission of an IFP application or payment of the filing fee.

On June 23, 2025, Plaintiff presented herself to the Court as seeking a writ of habeas corpus, and accordingly only paid $5 to initiate the present action. (*See* Compl.) Plaintiff stated in an August 27, 2025 email to the district court that "[t]he document I filed is a habeas corpus because of the irreparable harm and violation of my constitutional rights, and it must be recognized as such." (*See* ECF 6 at 18.) In reality, Plaintiff is not seeking a writ of habeas corpus because she is not challenging any term of confinement. *See Wragg v. Ortiz*, 462 F. Supp. 3d 476, 498 (D.N.J. 2020) ("The heart of habeas corpus is immediate release or speedier release from confinement." (quotations omitted)). Instead, Plaintiff alleges multiple substantive claims against named Defendants. (*See* Compl.)

The Clerk of the Court notified Plaintiff that a complaint was submitted rather than a habeas petition, and therefore the remainder of the filing fee must be paid, or she must submit an IFP application pursuant to 28 U.S.C. § 1915. (ECF 6 at 16.) Rather than pay the remaining $400 or submit an IFP application, Plaintiff submitted multiple affidavits to this Court continuing to assert

---

[1] "Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*." *Hines v. Lanigan*, No. 17-2864, 2017 WL 1821100, at *1 (D.N.J. May 5, 2017).

[2] It is well-established that district courts possess inherent power to manage its own docket. *See Haagensen v. Pa. State Police*, 490 F. App'x 447, 454 (3d Cir. 2012) ("It is well established that 'inherent power has been frequently invoked by the courts … to provide tools for docket management.'" (quoting *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 561 (3d Cir.1985))).

substantive claims against the named Defendants. (*See* ECF Nos. 9, 12, 15-20.) As of the date of this Order, Plaintiff has not paid the outstanding balance of the filing fee or submitted an IFP application. No summons have been issued in this matter. Since Plaintiff has had over a year to address the above-stated deficiencies, and proceedings in this action have not meaningfully begun, the Court finds it appropriate to formerly close this matter pending completion of the IFP application or payment of the fee. *See Hudson v. McGlynn*, No. 24-6729, 2025 WL 262151, at *1 (D.N.J. Jan. 22, 2025) (considering a Complaint withdrawn and closing a case where a plaintiff did not pay the filing fee or submit an IFP application within 21 days of notice from the Clerk of the Court). For the reasons stated above:

**IT IS** on this **25th** day of **August 2026**, hereby

1. **ORDERED** that Plaintiff is to either (1) pay the remainder of the filing fee ($400), or (2) submit an application to proceed *in forma pauperis* within fourteen (14) days of this order, or else Plaintiff's Complaint (ECF 1) will be **DISMISSED WITHOUT PREJUDICE**; and it is further

2. **ORDERED** that the Clerk of the Court shall send a copy of this Order and a blank IFP application, Form AO 239, to Plaintiff by regular mail, and **CLOSE** this case, to be reopened only if Plaintiff timely pays the required fee or submits a completed IFP application; and it is further

3. **ORDERED** that Defendant's Motion to Dismiss (ECF 21) is hereby **ADMINISTRATIVELY TERMINATED** as unripe, and shall be reinstated only upon Plaintiff's proper submission of the filing fee or IFP application.

**SO ORDERED.**

***/s/ Jamel K. Semper***
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Andre M. Espinosa, U.S.M.J.
Parties